IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRELL ROBERTSON, | ) |
| Plaintiff, | ) |
| | ) NO. 3:24-cv-00919 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DENNIS LANNI, *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER

Pending before the Court is a "Motion for Partial Summary Judgment" (Doc. No. 18, "Motion") filed by Plaintiff, Darrell Robertson. Via the Motion, Plaintiff seeks summary judgment on Count I of his "Second Amended Complaint." (Doc. No. 14, "SAC"). Supporting the Motion is a "Statement of Undisputed Material Facts" (Doc. No. 18-1, "Plaintiff's Undisputed Material Facts"), the affidavit of Darrell Robertson (Plaintiff) (Doc. No. 18-2, "Plaintiff's Affidavit"), and an opening brief (Doc. No. 18-3). Defendants Jessica Binkley and J. Phillip Jones (collectively, the "Trustees") have filed a response (Doc. No. 28, "Trustees' Response") in opposition to the Motion, along with a response (Doc. No. 28-1) to Plaintiff's Undisputed Material Facts, and objections (Doc. No. 28-2) to portions of Plaintiff's Affidavit. Defendants Dennis Lanni, Housing Group Fund 401(k) Pension Plan, Housing Group Fund Corporation, Pacific Climbing Society, and HGF Management Company, LLC (collectively, "Other Defendants") have filed a response (Doc. No. 33, "Other Defendants' Response") in opposition to the Motion, along with a response

(Doc. No. 33-1) to Plaintiff's Undisputed Material Facts. Plaintiff has filed a reply (Doc. No. 30) to the Trustees' Response.[1]

Also pending before the Court is a "Late-Filed Motion for Leave to File Motion for Partial Summary Judgment" (Doc. No. 35, "Motion for Leave") wherein Plaintiff requests leave to file his Motion. No response to the Motion for Leave has been filed.

For the reasons described herein, the Motion for Leave (Doc. No. 35) is **GRANTED**, and the Motion (Doc. No. 18) is **DENIED**.

MOTION FOR LEAVE

As an initial matter the Court will first consider Plaintiff's Motion for Leave. As noted above, via the Motion for Leave Plaintiff seeks the Court's leave to file his Motion (which is a motion for partial summary judgment), albeit after the Motion was already filed and after briefing on the Motion had concluded. As crucial here, Plaintiff filed his Motion (Doc. No. 18) (and his Motion for Leave (Doc. No. 35)) *prior* to the Initial Case Management Order (Doc. No. 42, "ICMO") being entered in this action. The ICMO in this action provides (as is typical of cases involving the undersigned) that "[n]o motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court." (Doc. No. 42 at 6).

Plaintiff argues that the Motion for Leave should be granted because:

17. Undersigned counsel does not regularly practice in this Court and was unaware that the editable version of the Court's template ICMO contained procedural rules prohibiting the filing of a partial summary judgment motion absent leave of Court.

18. Although the filing of a motion for partial summary judgment at the outset of the case is out-of-the ordinary, because plaintiff filed his [Motion] "prior to the initial case management conference in this case the restriction on motions for partial

---

[1] Plaintiff did not file a reply to the Other Defendants' Response.

summary judgment was not yet in place." *Sorey v. Wilson County Review Committee*, 2023 WL 5257623, at *4 (M.D. Tenn. Aug. 15, 2023).

19. Undersigned is now aware of the Court's aversion for partial summary judgment motions, however, given the resources expended to date, fairness and judicial economy favor proceeding with disposition of the [Motion] as brief[ed] and filed.

20. Proceeding with the [Motion] will substantially narrow the issues for trial and all parties should save a considerable amount of expense in trial preparation.

(Doc. No. 35 at 3). These arguments are well-taken. Plaintiff's counsel perhaps should have recognized, prior to filing the Motion without first seeking leave of court, this Court's presumptive aversion to motions for partial summary judgment, particularly given that the undersigned's template initial case management order contains procedural rules that prohibit the filing of motions for partial summary judgment absent the leave of the Court.[2] However, the ICMO in this action, and its corresponding prohibition on parties filing motions for partial summary judgment absent leave of the Court, was not yet entered at the time that Plaintiff filed his Motion. Moreover, the briefing on the Motion has concluded and the Motion for Leave appears to be unopposed. Given all of this, the Court can discern little reason to deny the relief requested in the Motion for Leave. Accordingly, the Motion for Leave (Doc. No. 35) is **GRANTED,** Plaintiff is granted leave to file his Motion and, therefore, the Court will consider the Motion herein.

The Court will next turn to the Motion. In so doing, the Court will begin by describing the legal standards that govern motions for summary judgment, like the instant Motion.

---

[2] A copy of the undersigned's template initial case management order may be found at: https://www.tnmd.uscourts.gov/sites/tnmd/files/Sample%20Initial%20Case%20Management%20Order%20-%20Judge%20Richardson%2010302018.pdf.

## LEGAL STANDARD

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). In other words, even if genuine, a factual dispute that is irrelevant under applicable law is of no value in defeating a motion for summary judgment. *See id.* at 248. On the other hand, "summary judgment will not lie if the dispute about a material fact is 'genuine[.]'" *Id.*

A fact is "material" within the meaning of Rule 56(c) "if its proof or disproof might affect the outcome of the suit under the governing substantive law." *Reeves v. Swift Transp. Co.*, 446 F.3d 637, 640 (6th Cir. 2006) (citing *Anderson*, 477 U.S. at 248), *abrogated on other grounds by Young v. United Parcel Serv.*, 575 U.S. 206 (2015). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Harris v. Klare*, 902 F.3d 630, 634-35 (6th Cir. 2018).

The party bringing the summary judgment motion has the initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 627-28 (6th Cir. 2018) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Alternatively, the moving party may meet its initial burden by otherwise "show[ing]"—even without citing materials of record—that the nonmovant "cannot produce admissible evidence to support the [existence of a] material fact," Fed. R. Civ. P. 56(c)(1)(B), for example, the existence of an element of a nonmovant plaintiff's claim. If the summary judgment movant meets its initial burden, then in response the non-moving party "must

set forth specific facts showing that there is a genuine issue for trial." *Pittman*, 901 F.3d at 628 (quoting *Anderson*, 477 U.S. at 250).[3] Importantly, "[s]ummary judgment for a defendant [that has met its initial burden as the movant] is appropriate when the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805–06 (1999) (quoting *Celotex,* 477 U.S. at 322). *See also Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 115 F. App'x 806, 811 (6th Cir. 2004) ("The non-moving party may not rely on mere allegations and assertions in his pleadings, but rather must present specific facts that show that there is some material issue warranting a trial. If the non-moving party cannot meet this burden, summary judgment is appropriate." (citing *Nichols v. Moore,* 2004 WL 2039356, at *3 (E.D. Mich. Sept. 3, 2004)).

Any party asserting that a fact cannot be or genuinely is disputed (*i.e.*, any party seeking summary judgment and any party opposing summary judgment, respectively) can support the assertion either by: (a) citing to materials in the record, including, but not limited to, depositions, documents, affidavits, or declarations, Fed. R. Civ. P. 56(c)(1)(A), or (b) "showing" (i) that the adverse party cannot produce admissible evidence to raise a genuine dispute as to that fact or (ii) that contrary to the claim of the adverse party, the materials cited by the adverse party do not actually establish the absence or presence (as the case may be) of a genuine dispute as to that fact. Fed. R. Civ. P. 56(c)(1)(B).

In considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party. *Tlapanco v. Elges*, 969 F.3d 638, 647 (6th Cir. 2020)

---

[3] Courts (appropriately) at times refer interchangeably to (i) a party being able (or unable) to raise a genuine issue as to fact and (ii) a reasonable jury being able (or unable) to find in the party's favor on that fact. This Court does likewise herein.

(citing *Anderson*, 477 U.S. at 248). Likewise, the "court should view the facts and draw all reasonable inferences in favor of the non-moving party." *Pittman*, 901 F.3d at 628 (citing *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Credibility judgments and weighing of evidence are improper. *Hostettler v. College of Wooster*, 895 F.3d 844, 852 (6th Cir. 2018).

As noted above, where there is a genuine dispute as to any material fact, summary judgment is not appropriate. *Id*. The court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id*. The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient to survive summary judgment; rather, there must be evidence upon which the jury could reasonably find for the non-moving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

DISCUSSION

As noted above, Plaintiff moves for summary judgment solely as to Count I of the SAC. As background, via Count I of the SAC, Plaintiff asserts a claim to quiet title over the property located at 128 Stone Briar Court, Nashville, Tennessee 37211-6991 (the "Property"). (Doc. No. 14 at ¶¶ 79-85). Plaintiff contends that the undisputed facts show that any and all of the Defendants' claims to the Property based on a "Deed of Trust" implicated by the SAC[4] are time-barred by Tenn. Code Ann. § 28-2-111(a). (Doc. No. 18 at 1).

Ordinarily, having described the general standards for summary judgment and provided a review of the claim(s) (here, Count I) implicated by the motion for summary judgment, the Court would next begin to review the facts that the movant (here, Plaintiff) contends are undisputed for the purposes of the motion, then analyze the parties' arguments on the motion (including by

---

[4] The "Deed of Trust" to which Plaintiff refers was filed as an exhibit at Docket No. 14-3 to the SAC.

addressing any other relevant legal standards). However, in this particular case, the Court will eschew that approach. Why? Because Plaintiff's Undisputed Material Facts (Doc. No. 18-1)—and thus Plaintiff's Motion—relies almost exclusively on Plaintiff's (self-serving) Affidavit (Doc. No. 18-2).[5] As will be explained below, this is far from a sufficient basis to sustain a motion for summary judgment, such as the instant Motion.

## I. Self-Serving Affidavits Generally

District courts in this Circuit (and throughout the country) regularly conclude that "[w]ithout more, self-serving affidavits are insufficient to sustain a motion for summary judgment." *Jadco Enters., Inc. v. Fannon*, 991 F. Supp. 2d 947, 955 (E.D. Ky. 2014). *See also Burley v. Quiroga,* No. 16-CV-10712, 2019 WL 4316499, at *8 (E.D. Mich. June 6, 2019) ("Without more, self-serving affidavits are insufficient to sustain a motion for summary judgment." (quoting *Jadco*, 991 F. Supp. 2d at 955)), *report and recommendation adopted*, No. 16-CV-10712, 2019 WL 3334810 (E.D. Mich. July 25, 2019); *LNV Corp. v. Gebhardt*, No. 3:12–CV–468, 2014 WL 1092109, at *4 (E.D. Tenn. Mar. 18, 2014) ("While defendant argues that several of the signatures on the Note were forged, defendant has presented no evidence substantiating this claim other than her own affidavits, and it is well-established that such 'self-serving affidavits' are insufficient to sustain . . . a motion for summary judgment." (citation omitted)). Although the case law cited above is somewhat unclear on the following point, the Court

---

[5] The Court notes that the term "self-serving affidavit," as used herein, refers to the affidavit of a party to the action in which the affidavit is submitted. Such usage by the Court aligns with other courts' use of the term "self-serving affidavit." *See e.g., Winter Enters., LLC v. W. Bend Mut. Ins. Co.*, No. 1:17-CV-360, 2021 WL 4193213, at *9 (S.D. Ohio Sept. 15, 2021) ("That affidavit is 'self-serving' in the sense that it is from a party (or at least the owner of a party) and supports that party's argument."); *Hann v. Michigan*, No. 05-CV-71347-DT, 2010 WL 1006206, at *10 (E.D. Mich. Feb. 25, 2010) ("any affidavit by a party to a case is by nature self-serving."), *report and recommendation adopted*, No. CIV.A. 05-CV-71347, 2010 WL 1002611 (E.D. Mich. Mar. 16, 2010); *In re Rahaim*, 324 B.R. 29, 38 (Bankr. E.D. Mich. 2005) ("The assertion is supported solely by a self-serving affidavit drafted and signed by Defendant.").

understands the thrust of the proposition that self-serving affidavits are insufficient to *sustain* (as opposed to, say, *defeat*) a motion for summary judgment in practice to mean that such affidavits are insufficient for the purposes of satisfying a movant's initial burden of identifying portions of the record that demonstrate *the absence of a genuine dispute* over material facts.[6] In short, a self-serving affidavit generally can serve to show testimony that could be elicited (and credited by the jury) at a jury trial and that would sufficient to enable the affiant to prevail at trial. But a self-serving affidavit is generally ill-suited to showing that the affiant would *necessarily* win at trial; this is because (among numerous other reasons) a self-serving affidavit rarely is able to show that the testimony therein *would have* to be accepted by the jury, and thus it is rarely able to show that the affiant necessarily would prevail at trial.

Importantly, as other district courts in this Circuit have noted, "'any affidavit by a party to a case is by nature self-serving,' and this fact alone should not discredit the party's statements." *Burley*, 2019 WL 4316499 at *8 (quoting *Hann v. Michigan*, No. 05-CV-71347, 2010 WL 1006206, at *10 (E.D. Mich. Feb. 25, 2010)). To put it another way, the primary concern with "self-serving affidavits" is not really whether the affidavit is "self-serving," but rather whether the affidavit is actually supported by something in the record beyond the *ipse dixit* of the party who prepared the affidavit. *See e.g., Jadco*, 991 F. Supp. 2d at 955 ("Without more, self-serving

---

[6] This seems to the Court a somewhat different analytical proposition than when a non-movant facing a motion for summary judgment uses a self-serving affidavit in an effort to *defeat* a motion for summary judgment. In such cases, courts frequently hold that "self-serving affidavits without factual support in the record will not *defeat* a motion for summary judgment." *Huelett v. Louisville Paving Co., Inc.*, No. 3:23-CV-00420, 2025 WL 552686, at *3 (W.D. Ky. Feb. 19, 2025), *aff'd*, No. 25-5241, 2025 WL 3688924 (6th Cir. Dec. 19, 2025). The Court discerns that what courts really mean when they say that self-serving affidavits cannot *defeat* a motion for summary judgment is that a non-movant cannot use a self-serving affidavit to *create* a genuine issue of material fact where the movant has met their initial burden to show that there is no such issue. *Cf. Wolfe v. Vill. of Brice, Ohio*, 37 F. Supp. 2d 1021, 1026 (S.D. Ohio 1999) ("Self-serving affidavits, alone, are not enough to create an issue of fact sufficient to survive summary judgment.").

affidavits are insufficient to sustain a motion for summary judgment."); *LNV Corp.*, 2014 WL 1092109, at *4 (finding that where "defendant has presented no evidence substantiating this claim other than her own affidavits" such affidavits are "insufficient to sustain . . . a motion for summary judgment."). *See also Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004) ("self-serving statements in affidavits without factual support in the record carry no weight on summary judgment"). To put it another way, a self-serving affidavit by a party is insufficient to satisfy a movant's initial burden at summary judgment when that affidavit is not sufficiently supported by the record—that is, such an affidavit does not satisfy a movant's initial burden at summary judgment of identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. Why? Because a self-serving affidavit is *especially* ineffective at showing that the testimony therein would *have* to be credited by the jury when the affiant fails to point to corroborating evidence that makes the affiant's testimony virtually undeniable; thus, the failure of the affiant to point to support in the record tends to highlight that the affiant's testimony is subject to rejection by the jury.[7]

## II. Application

With the above in mind, the Court will now examine the Motion, Plaintiff's briefing in support of the Motion, and the filings made in support of the Motion and the briefing thereto. These filings are comprised (as noted above) of Plaintiff's Undisputed Material Facts (Doc. No. 18-1) and Plaintiff's Affidavit (Doc. No. 18-2). Notably, a review of Plaintiff's Undisputed Material Facts and Plaintiff's Affidavit reveals that these filings are simply insufficient to sustain a motion for summary judgment, like the instant Motion.

---

[7] To be clear, if an affiant's averments in an affidavit are not supported by the record, the lack of support does not impair the evidentiary *competence* of the averments. What it does impair (severely), however, is the ability of those averments to show the absence of a genuine issue of material fact as to the matters addressed via the averments.

To begin with, Plaintiff's Affidavit is in large part unsupported by the record (or at least the record as it existed at the time the Motion was filed). To the extent (if any) that Plaintiff's Affidavit is supported by the record, it is supported only by sporadic citations to exhibits attached to the SAC. (Doc. No. 18-2 at ¶¶ 10, 13-15, 20). Otherwise, the majority of Plaintiff's Affidavit is comprised of assertions without reference or citation to the record. (*Id.* at ¶¶ 4-9, 11, 12, 16-19, 21). Likewise, Plaintiff's Undisputed Material Facts contains sixteen (purportedly) undisputed facts, and yet eleven of these facts are supported *solely* by citations to Plaintiff's Affidavit. (Doc. No. 18-1 at ¶¶ 1, 2, 4, 5, 9-12, 14-16). The remaining five facts are supported by a combination of citations to Plaintiff's Affidavit and citations to exhibits attached to the SAC. (Doc. No. 18-1 at ¶¶ 3, 6-8, 13). In other words, the citations in Plaintiff's Undisputed Material Facts are made almost exclusively to Plaintiff's Affidavit, which itself (as noted above) is comprised for the most part of assertions made without reference or citation to any source in the record.

In total then, Plaintiff's Motion is supported predominantly (and, in fact, almost entirely) by a self-serving affidavit (Plaintiff's Affidavit) that is unsupported (for the most part) by citations or references to the record. This is exactly the kind of evidentiary showing that district courts regularly find insufficient to sustain a motion for summary judgment. In other words, where a party, like Plaintiff in this action, "has presented no evidence substantiating" claims but for their own affidavits, such affidavits "are insufficient to sustain . . . a motion for summary judgment." *LNV Corp.*, 2014 WL 1092109, at *4. Therefore, as the movant with respect to the instant Motion, Plaintiff plainly has failed to satisfy his initial burden of identifying portions of the record that demonstrate the absence of a genuine dispute of material fact. Therefore, the Motion must be denied. *See e.g., Celotex*, 477 U.S. at 332 (Brennan, J., dissenting) ("If the moving party has not fully discharged this initial burden . . ., its motion for summary judgment must be denied, and the

Court need not consider whether the moving party has met its ultimate burden of persuasion." (quoted in *Angelo v. Kroger Co.*, 828 F.2d 19 (6th Cir. 1987))).

CONCLUSION

Accordingly, for the reasons discussed herein, the Motion for Leave (Doc. No. 35) is **GRANTED**, and the Motion (Doc. No. 18) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE